**Xhem GJONBALAJ, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 07–3892–ag.

United States Court of Appeals, Second Circuit.

May 14, 2008.

Xhem Gjonbalaj, Pro se.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; John C. Cunningham, Senior Litigation Counsel; Norah Ascoli Schwarz, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Xhem Gjonbalaj, a native of Montenegro and citizen of the former Yugoslavia, seeks review of an August 24, 2007 order of the Board of Immigration Appeals ("BIA"), affirming the April 21, 2006, decision of Immigration Judge ("IJ") Michael W. Straus, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gjonbalaj, Xhem* No. A78 696 496 (B.I.A. Aug. 24, 2007) *aff'g* No. A78 696 496 (Immig. Ct. Hartford, Conn. April 21, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, a determination "based on flawed reasoning ... will not satisfy the substantial evidence standard." *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005) (citation and internal quotation marks omitted). We will vacate and remand for new findings if the agen-

cy's reasoning or its fact-finding process was sufficiently flawed. *Id.* at 406.

■ As an initial matter, although Gjonbalaj is challenging the denial of relief in "asylum-only" proceedings, not a removal order, we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134–35 (2d Cir.2006). However, because Gjonbalaj failed to raise his claim for CAT relief in his brief to this Court, we deem that claim waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir. 2005).

The regulations provide that an applicant who has established past persecution is presumed to have a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1). That presumption, however, may be rebutted by a showing that circumstances in the applicant's home country have fundamentally changed so as to negate his fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). Here, because we conclude that the IJ committed multiple errors in determining that the Government established a fundamental change in circumstances, we conclude that remand is necessary.

■ The IJ's finding that the 2005 State Department Country Report on Human Rights Practices for Serbia and Montenegro("2005 Report") made "absolutely no mention ... of any violence or persecution against ethnic Albanians" was not supported by substantial evidence. The 2005 Report notes instances of "apparently politically motivated killings of ethnic Albanians," and "reports of attacks and threats against ethnic Albanian political and institutional figures as well as private persons." Indeed, it would appear that the IJ's reliance on some portions of the 2005 Report and not others indicates that he "ignored

the complexities of the reported information." *Tambadou v. Gonzales,* 446 F.3d 298, 302, 304 (2d Cir.2006).

The IJ similarly mis-characterized the record in stating that a letter from Shirley Cloyes of the Albanian American Civic League made "absolutely no mention" of "persecution or violence against ethnic Albanians" in light of the fact that it describes "torture and murder of Albanians inside of Kosovo." The IJ also failed to assess whether circumstances had changed with respect to Gjonbalaj's claim that he feared persecution on account of his involvement with the KLA.

In addition, the IJ's failure to identify the legal standard on which he relied in assessing whether the background materials demonstrated a fundamental change in circumstances frustrates our ability to determine whether his finding was correct. *See Beskovic v. Gonzales,* 467 F.3d 223, 225, 227 (2d Cir.2006).

We conclude that inasmuch as the IJ appears to have had "an inaccurate perception of the record, omitting potentially significant facts," *Tian–Yong Chen v. I.N.S.,* 359 F.3d 121, 127 (2d Cir.2004), and because we cannot predict with confidence that absent the noted errors, the agency would again deny relief, *see id.*; *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006), we must grant the petition and remand.

For the foregoing reasons, the petition for review is GRANTED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.